**In re the Petition for DISCIPLINARY ACTION AGAINST Richard M. MESHBESHER, an Attorney at Law of the State of Minnesota.**

No. C9–82–177.

Supreme Court of Minnesota.

July 16, 1992.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Richard M. Meshbesher has committed professional misconduct warranting public discipline. In the petition, the Director alleges that, with regard to a matter in which respondent represented a party who had been injured in an automobile accident, respondent committed malpractice by failing to notify the client's insurer of a settlement with the tortfeasor; that, despite his awareness that the client had a malpractice claim against him, respondent failed to notify his malpractice insurer of the potential claim and failed to renew his malpractice insurance; that, with respect to a matter in which respondent and a client solicited individuals to invest funds with the client, respondent failed to disclose to the investors that his interests were adverse to that of the investors and failed to advise the investors to seek independent counsel when problems arose with their investments; that respondent agreed to commence a lawsuit on behalf of a client regarding an insurance claim for lost construction equipment, but failed to commence the suit and the client's right to sue expired; that respondent agreed to defend the same client in a lawsuit alleging nonpayment of a bill, but after filing an answer on behalf of the client, took no further action and default judgment was entered against the client; that respondent failed to maintain a proper record of the client's retainer; that respondent responded to the client's ethics complaint against him with inaccurate and misleading statements; that respondent failed to appear before a fee arbitration board in another matter, despite his agreement to do so, and failed to pay the arbitration award in a timely manner; that respondent neglected another client matter for more than a year before withdrawing as counsel; and that respondent fabricated a document for use in litigation which he claimed was a subpoena issued by the Hennepin County District Court. Respondent has a history of discipline which includes a public reprimand and 3–year probation in 1983, as well as admonitions and a period of private probation.

Along with the petition, the Director filed a stipulation between respondent and the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14, Rules on Lawyers Professional Responsibility. Respon-

dent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and supervised probation for a period of 2 years, although the parties acknowledge in their stipulation that this court may issue any of the sanctions set forth in Rule 15(a)(1)–(9), Rules on Lawyers Professional Responsibility, it deems appropriate. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That, effective 10 days after the date of this order the respondent, Richard M. Meshbesher, shall be suspended for a period of 30 days, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18, Rules on Lawyers Professional Responsibility, is waived.

3. That respondent automatically shall be reinstated at the end of the 30–day period of suspension, provided that at least 15 days before the expiration of the period of suspension, respondent files with the Clerk of Appellate Courts and the Director's Office an affidavit establishing that respondent is current with Continuing Legal Education, has complied fully with Rules 24 and 26, Rules on Lawyers Professional Responsibility, and has completed all other conditions imposed by this court.

4. That, upon reinstatement, respondent shall be placed on probation for a period of 2 years, the conditions of which shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and shall respond promptly to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor respondent's compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks of the date of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall provide to the Director, on the first day of each month, an inventory of active client files as is described in the following paragraph. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with his supervisor in the supervisor's efforts to monitor respondent's compliance with this probation. Respondent shall contact his supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to his supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

e. Respondent shall initiate and maintain office procedures which ensure that respondent promptly responds to correspondence, telephone calls, and other important communications from clients,

courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. By the first day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor. Respondent also shall make such books and records available to the Director upon request.

g. If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against respondent in this court without the necessity of submitting the matter to a Panel or Panel Chair. Respondent waives the right to such consideration by the Panel or Panel Chair.

5. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.